1  Patric A. Lester (SBN 220092)
   pl@lesterlaw.com
2  **Lester & Associates**
   5694 Mission Center Road, #385
3  San Diego, CA 92108
   Phone: (619) 665-3888
4  Fax: (314) 241-5777

5  Scott M. Grace (SBN 236621)
   sgrace@lawlh.com
6  **Luftman, Heck & Associates, LLP**
   1958 Sunset Cliffs Blvd.
7  San Diego, CA  92107
   Phone: (619) 346-4612
8  Fax:  (619) 923-3661

9  Attorneys for Plaintiff Kristen Merry

10              **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
11

12  KRISTEN R. MERRY,                    ) Case No.  **'12 CV 2586 H      BLM**
                                         )
13                        Plaintiff,     ) COMPLAINT
           vs.                           )
14                                       )
                                         )
15  ESTATE INFORMATION SERVICES, LLC AND )
    ANWAR EVANS, individually and in his official )
16  capacity,                            )
                                         )
17                        Defendant.     )
                                         )
18  _____  )

19                          **INTRODUCTION**

20        1.      The United States Congress has found abundant evidence of the use of abusive,

21  deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive

22  debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the

23  loss of jobs, and to invasion of individual privacy. Congress wrote the Fair Debt Collection Practices

24  Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to

25  ensure that those debt collectors who refrain from using abusive debt collection practices are not

26  competitively disadvantaged, and to promote consistent State action to protect consumers against debt

27  collection abuses.

28        2.      The California legislature has determined that the extension of consumer credit through

                                         1

1  banking and business transactions is dependent upon the collection of just and owing debts, yet unfair

2  or deceptive collection practices undermine the public confidence essential to the continued functioning

3  of a sound credit system. The Legislature thus further determined the need to ensure that debt collectors

4  exercise their responsibility with fairness, honesty and due regard for the debtor's rights, and that debt

5  collectors be prohibited from engaging in unfair or deceptive acts or practices.

6       3.     This is an action for actual damages, statutory damages, attorney fees and costs brought

7  by an individual consumer, Kristen R. Merry, (hereinafter "Plaintiff") against Estate Information

8  Services, LLC (hereinafter "EIS") and Anwar Evans (hereinafter "Evans") or when referring to both

9  defendants, ("Defendants") for violations of the Fair Debt Collection Practices Act, (hereinafter

10  "FDCPA")[1]  the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et

11  seq. (hereinafter "the Rosenthal Act")[2]  which prohibit debt collectors from engaging in abusive,

12  deceptive and unfair practices, and the Telephone Consumer Protection Act,  (hereinafter "TCPA")[3]

13  which prohibits the making of unconsented to phone calls to cell phones.

14       4.     Plaintiff makes these allegations on information and belief, with the exception of those

15  allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal

16  knowledge. While many violations are described below with specificity, this Complaint alleges

17  violations of the statutes cited in their entirety.

18  **JURISDICTION AND VENUE**

19       5.     This action arises out of Defendant's violations of the FDCPA, Rosenthal Act and

20  TCPA.

21       6.     Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47

22  U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state claims.

23       7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

24       8.     As Defendants do business in the state of California, and committed the acts that form

25  the basis for this suit in the state of California, this Court has personal jurisdiction over the Defendants

26  for purposes of this action.

27

28

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act
[3] All undesignated section references to 47 U.S.C. § 277 are to the TCPA

COMPLAINT

**THE PARTIES**

9.      Plaintiff is a natural person residing in Los Angeles County, California.

10.     Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt," as defined respectively in § 1692a(5) and California Civil Code section 1788.2(f) and allegedly owed to Citibank NA (hereinafter "Debt").

11.     Plaintiff is a "debtor" as that term is defined by California Civil Code section 1788.2(h).

12.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

13.     Defendants are persons and/or a business entity who use instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as that phrase is defined by § 1692a(6).

14.     Defendants in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code section 1788.2(b), and is therefore a debt collector as that term is defined in California Civil Code section 1788.2(c).

15.     Evans was acting as an employee and agent of EIS as well as on his own and therefore, EIS can be held responsible and is vicariously liable for the conduct of Evans. At all times relevant herein, Defendant Evans was a natural person and an employee, agent, officer, member and/or director of EIS, and was a third-party debt collector that was engaged by use of the mails and telephone in the business of collecting debts, as defined by §1692a(5), and consumer debts as defined by California Civil Code section 1788.2(f). Evans regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of § 1692a(6) and California Civil Code section 1788.2(c).

**FACTUAL ALLEGATIONS**

16.     Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

17.     Prior to November, 2011, the alleged debt was assigned, placed or otherwise transferred to Defendants for collection.

18.     At various and multiple times prior to the filing of the instant complaint, including

1  within one (1) year preceding the filing of this complaint, Defendant contacted Plaintiff in attempts to

2  collect the debt as defined by § 1692a (5) of the FDCPA and the consumer debt as defined by

3  California Civil Code section 1788.2(f) of the Rosenthal Act.

4  **Phone calls**

5      19.    Beginning on or about November, 2011, and on multiple occasions since that time,

6  Defendant contacted and/or attempted to contact Plaintiff by telephone.

7      20.    On or about January 12, 2012, Plaintiff mailed EIS a letter requesting that no telephone

8  contact be made to her home or her place of employment.

9      21.    Defendants in direct violation of that request have constantly and continuously placed

10  collection calls to Plaintiff both at her home and at her work seeking and demanding payment for an

11  alleged debt with the intent to annoy, abuse and/or harass her.

12      22.    These phone calls were communications within the meaning of § 1692a(2) debt

13  collections as defined in California Civil Code section 1788.2(b)

14      23.    By engaging in the foregoing conduct, the natural consequence being harassment and

15  oppression of the Plaintiff in connection with the collection of a debt, Defendant violated § 1692c(b),

16  c(c) and d.

17  **TCPA**

18      24.    Defendant placed these calls to Plaintiff's cellular telephones via an "automatic

19  telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

20      25.    During these telephone calls Defendant used "an artificial or prerecorded voice," as

21  prohibited by 47 U.S.C. § 227(b)(1)(A).

22      26.    These telephone calls constituted calls that were not for emergency purposes as defined

23  by 47 U.S.C. § 227(b)(1)(A)(i).

24      27.    Plaintiff did not provide "express consent" allowing Defendant to place telephone calls

25  to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic

26  telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

27      28.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the

28  burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning

COMPLAINT

1    of the statute, because it is the best entity to determine how telephone numbers were attained.

2        29.     These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

3        30.     Defendants' misconduct in placing these telephone calls to Plaintiff's cell phone was

4    negligent and Plaintiff is entitled to an award of $500.00 in statutory damages for each and every

5    violation, pursuant to 47 U.S.C. §  227(b)(3)(B).

6        31.     Defendants' misconduct in placing some or all of these telephone calls to Plaintiff's cell

7    phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages

8    for each and every violation, pursuant to 47 U.S.C. §  227(b)(3)(C).

9        32.     Plaintiff was harmed by the acts of Defendant including but not limited to the following

10   ways:

11           (a) Defendants' calls to Plaintiff's cellular phone caused Plaintiff to incur certain

12                cellular telephone charges or reduce cellular telephone time for which Plaintiff

13                previously paid;

14           (b) calls at work put her in fear of losing her job and her private affairs being disclosed

15                to both strangers and co-workers at her place of employment;

16           (c) she intermittently suffered anxiety, stress, anger, depression, embarrassment,

17                humiliation, trouble focusing at work, and trouble sleeping;

18           (d) the calls caused and exacerbated pre-existing depression and anxiety for which she

19                was being treated with medication and therapy;

20           (e) such stress exacerbated her kidney disease, for which she was ultimately

21                hospitalized.

22       33.     As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiff

23   suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety,

24   and emotional distress injury, and Defendants are liable for Plaintiff's actual and statutory damages,

25   costs and attorney's fees.

26       34.     Because the above stated conduct violated certain portions of the FDCPA, as these

27   portions are incorporated by reference in California Civil Code section 1788.17, each of the foregoing

28   acts and omissions also violated California Civil Code section 1788.17.

COMPLAINT

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA)**

35.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

36.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 et seq.

37.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from Defendants.

**SECOND CLAIM FOR RELIEF**

**(Claim for violations of the Rosenthal Act)**

38.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

39.     Plaintiff is entitled to statutory damages of $1000.00 under California Civil Code section 1788.30(b) for violations of California Civil Code section 1788.17 because of Defendant violations, as enumerated above, of the FDCPA.

40.     Plaintiff is entitled to statutory damages of $1000.00 under California Civil Code section 1788.30(b) for Defendant violations, as enumerated above, of the Rosenthal Act.

41.     Pursuant to California Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

42.     As a result of each and every violation by Defendant of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under California Civil Code section 1788.30(a), statutory damages of $1000.00 under California Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of California Civil Code section 1788.17, and attorney's fees and costs under California Civil Code section 1788.30(c), from the Defendant.

///

COMPLAINT

1

**THIRD CLAIM FOR RELIEF**

2

**(Negligent Violations of the Telephone Consumer Protection Act)**

3       43.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

4   though fully stated herein.

5       44.   The foregoing acts and omissions of Defendant constitute numerous and multiple

6   negligent violations of the TCPA, including but not limited to each and every one of the above-cited

7   provisions of 47 U.S.C. § 227 et seq.

8       45.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is

9   entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47

10   U.S.C. § 227(b)(3)(B).

11       46.   Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the

12   future.

13

**FOURTH CLAIM FOR RELIEF**

14

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

15       47.   Plaintiff incorporates by reference all of the above paragraphs before his Third Count for

16   Relief as though fully stated herein.

17       48.   The foregoing acts and omissions of Defendant constitute numerous and multiple

18   knowing and/or willful violations of the TCPA, including but not limited to each and every one of the

19   above-cited provisions of 47 U.S.C. § 227 et seq.

20       49.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq.,

21   Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation,

22   pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

23

**PRAYER FOR RELIEF**

24       WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff,

25   and prays for the following relief:

26           (1)   Assume jurisdiction in this proceeding;

27           (2)   Declare that the Defendant violated the FDCPA;

28           (3)   Declare that the Defendant violated the Rosenthal Act;

COMPLAINT

1       (4)       Declare that the Defendant violated the TCPA;

2       (5)       Award of actual damages in accordance with proof at trial, pursuant to

3                  § 1692k(a)(1) and California Civil Code section 1788.30(a);

4       (6)       Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

5       (7)       Award of statutory damages of $1,000.00 pursuant to California Civil Code

6                  section  1788.17;[4]

7       (8)       Award of the costs of litigation and reasonable attorney's fees, pursuant to

8                  § 1692k(a)(3) and California Civil Code section 1788.30(c);

9       (9)       Award of statutory damages of $500.00 for each and every negligent violation of

10                 the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

11      (10)      Award of statutory damages of $1,500.00 for each and every knowing and/or

12                 willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C.

13                 § 227(b)(3)(C);

14      (11)      Such other and further relief this court may deem just and proper.

15  **TRIAL BY JURY**

16      50.    Pursuant to the seventh amendment to the Constitution of the United States of America,

17  Plaintiff is entitled to, and demands, a trial by jury.

18

19  Dated October 23, 2012                     **Lester & Associates**

                                         By    */s/ Patric A. Lester*

20                                            Patric A. Lester

                                        Attorney for Plaintiff,

21                                            pl@lesterlaw.com

22

23

24

25

26

27

28

---

[4] § 1692k(a)(2)(A)of the FDCPA

8
COMPLAINT